**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VALIANT WHITE,

                 Petitioner,

v.

                                   CIVIL NO. 2:12-CV-13680
                                   HONORABLE SEAN F. COX
                                   UNITED STATES DISTRICT COURT

MARY BERGHUIS,

                 Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

     Valiant White, ("Petitioner"), incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for possession with intent to deliver 50 grams or more but less than 450 grams of cocaine, Mich. Comp. Laws, § 333.7401(2)(a)(iii); possession with intent to deliver less than 50 grams of heroin, Mich. Comp. Laws, § 333.7401(2)(a)(iv); possession with intent to deliver less than five kilograms of marijuana, Mich. Comp. Laws, § 333.7401(2)(d)(iii); and being a second felony habitual offender, Mich. Comp. Laws, § 769.10. For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

### I. Background

     Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding Petitioner's

conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> This case has its origins in a traffic stop. Detroit police officers—in two separate vehicles—pulled defendant over after observing him speeding and driving erratically. As one officer approached defendant's car, he saw defendant drop a trash bag to the floorboards. The officer testified that he saw a baggie filled with white substance protruding from the trash bag. A later search of defendant's car revealed additional cocaine, heroin, and marijuana hidden in the driver's door panel. In response to the prosecutor's case, defendant testified that he was not speeding or driving erratically. He also said that the car was not his; he was just driving it to the repair shop for friends. He also stated that he was unaware that the car had drugs in it. After hearing the testimony, the jury rejected defendant's theory of the case and convicted him as stated above. However, the jury did acquit defendant of an additional charge of reckless driving.

*People v. White*, No. 300692, * 1 (Mich.Ct.App. March 1, 2012).

Petitioner's conviction was affirmed on appeal. *Id; lv. den.* 492 Mich. 856, 817 N.W.2d 62 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court clearly erred where he denied [Petitioner] an evidentiary hearing on a pretrial motion to suppress illegally seized evidence in violation of his Fourth Amendment right and due process of law. U.S. Const. Ams. IV; XIV; 1963 Art. 1, Sec. 11, 20.

II. The prosecutor failed to provide the defense with a copy of the felony complaint and felony arrest warrant causing him to suffer prejudice as a result and denied [Petitioner] his constitutional right to challenge the probable cause for the arrest, search, and seizure of [Petitioner], and the legality of their issuance by the 36th District Court Magistrate Millicant Sherman thus violating [Petitioner's] United States Constitution Rights under the IV and XIV Amendment; Mich. Const. 1963 Art. 1 Sec. 17.

III. The Detroit Police fabrication of a traffic stop did not have reasonable suspicion or probable cause for the stop. The evidence allegedly seized from [Petitioner] must be suppressed because the arrest and the seizure of the evidence was the fruit of the illegal stop. 4th, 14th Amend. U.S. Constitution.

IV. [Petitioner] was denied his due process rights under the 14th Amendment to the United States Constitution; Mich. Const. 1963 Art. 1 Sec. 17 where his arraignment was delayed unreasonably while in custody.

V. The trial court abused its discretion in denying [Petitioner's] trial court motions. A) Motion to suppress physical evidence due to illegal traffic stop and request for suppression hearing. B) motion to dismiss charges against [Petitioner] for failure to arraign within a reasonable time. C) Motion requesting an independent laboratory analysis of narcotics evidence. D) Motion to dismiss charges against [Petitioner] for failure to disclose felony complaint and arrest warrant. E) Motion to exclude the testimony of Officers Kristopher Richardson and Phillip Rodriguez for violating sequestration order at preliminary examination.

VI. [Petitioner] was denied the effective assistance of trial counsel because counsel failed to have the evidence independently tested and failed to investigate.

VII. There was insufficient evidence presented to establish [Petitioner] knowingly possessed with intent to deliver cocaine, heroin, marijuana, or link [Petitioner] to any evidence allegedly recovered from the vehicle.

VIII. The trial court caused double jeopardy leaving a question of law for the jury to determine violating [Petitioner's] federal constitutional right not to be placed twice in jeopardy for the same act. U.S. Const. Amend. 4; Mich. Const. 1963 Art. 1 Sec. 15.

IX. The prosecutor's misconduct denied [Petitioner's] right to due process a fair trial and impartial jury.

X. The trial court [erred] in refusing to allow independent lab analysis of suspected contraband to prove Detroit Police placed tainted evidence in this

3

case used to convict [Petitioner]. Mich. Ct. R. 6.201(A)(6). [1]

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000).  An

---

[1]  Respondent suggested that this Court decline to review petitioner's claims under the concurrent sentence doctrine, because petitioner is serving a life sentence for possession of 650 grams of cocaine.  The concurrent sentence doctrine allows a federal court to decline to review habeas corpus petitions "which challenge criminal convictions that have resulted in sentences, and other collateral consequences, which are wholly subsumed by those conferred by other unassailable convictions." *Wilson v. Straub,* 185 F. Supp. 2d 766, 769 (E.D. Mich. 2002)(internal quotation omitted).  However, a federal district court should exercise its discretion to decline to review a habeas claim under the concurrent sentence doctrine only in cases where it is clear that there are no collateral consequences to the petitioner and the issue does not involve a significant question that merits consideration. *Id.*  "The concurrent sentencing doctrine is a discretionary one, and courts 'are admittedly hesitant to apply [it].'" *Groves v. Meko*, 516 Fed. Appx. 507, 508 (6th Cir. 2013)(quoting *Dale v. Haeberlin*, 878 F.2d 930, 935, n. 3 (6th Cir. 1989)).  The Court declines to invoke the concurrent sentence doctrine because respondent made no effort to demonstrate a lack of collateral consequences attaching to petitioner's convictions. *Pillette v. Berghuis*, 408 Fed. Appx. 873, 886, n. 8 (6th Cir. 2010).

4

"unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief

5

is not appropriate unless each ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

Finally, the Court notes that Petitioner has raised ten different claims for relief. The Sixth Circuit has observed: "When a party comes to us with nine grounds for reversing the district court, that usually means there are none." *Fifth Third Mortgage v. Chicago Title Ins*.,

6

692 F.3d 507, 509 (6ᵗʰ Cir. 2012).

### III.  Discussion

**A.  Claims # 1, # 2, # 3, # 4, and # 5.  The illegal arrest and seizure claims.**

The Court will discuss Petitioner's first five claims together because they are interrelated.  In his first claim, Petitioner argues that the state trial court judge erred in denying his pre-trial motion to suppress evidence without first conducting an evidentiary hearing.  In his second claim, he alleges that the prosecutor failed to provide the defense with a copy of the felony complaint and the felony warrant, which he claims prevented him from adequately challenging the legality of his arrest.  In his third claim, Petitioner alleges that the police lacked probable cause or reasonable suspicion to stop or arrest him, thus, the evidence should have been suppressed as the fruits of an illegal arrest or seizure.  In his fourth claim, Petitioner claims that his arraignment on the warrant was unduly delayed.  In his fifth claim, Petitioner reiterates that the state trial court erred in denying his motions to suppress the evidence, his motion to dismiss the charges because of the delay in arraignment, and the motion to dismiss because the prosecutor failed to provide the defense with the felony complaint and the arrest warrant.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6ᵗʰ Cir. 2000).  For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim,

and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010). Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis,* 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id.* (quoting *Gilmore v. Marks*, 799 F. 2d 51, 57 (3rd Cir. 1986)). Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision[on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'" *Brown,* 638 F. Supp. 2d at 812-13 (quoting *Siripongs v. Calderon*, 35 F. 3d 1308, 1321 (9th Cir. 1994)).

In his first claim, Petitioner essentially argues that he was denied the opportunity to litigate his Fourth Amendment claims because the trial judge decided the motion to suppress based upon the preliminary examination transcript instead of conducting an evidentiary hearing.

The trial judge's failure to conduct an evidentiary hearing does not mean that Petitioner did not have a full and fair opportunity to litigate his Fourth Amendment claims.

8

*See Good v. Berghuis,* 729 F. 3d 636, 638-40 (6th Cir. 2013). The Sixth Circuit in *Good* noted that "the *Powell* "opportunity for full and fair consideration" means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Id.* at 639. Moreover, "[I]n the absence of a sham proceeding, there is no need to ask whether the state court conducted an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary's procedures for resolving the claim." *Id.* Petitioner was able to present his Fourth Amendment claims to the state trial court in his various pre-trial motions to suppress and to dismiss. That is sufficient to preclude review of the claims on habeas review. *Id.*

Moreover, Petitioner presented all of his Fourth Amendment claims to the Michigan Court of Appeals, which addressed and rejected them. *White,* Slip. Op. at * 2-5. Because Petitioner was able to present his Fourth Amendment claims to the Michigan Court of Appeals, the trial court's failure to conduct an evidentiary hearing on petitioner's claims did not deprive him of an opportunity to litigate the claims, for purposes of *Stone v. Powell. See Rashad v. Lafler,* 675 F. 3d 564, 570 (6th Cir. 2012)(petitioner had ample opportunities in state court to present his Fourth Amendment claims, thus precluding federal habeas relief based on the state court's failure to apply the exclusionary rule; trial court rejected defendant's Fourth Amendment claims on forfeiture grounds because his attorney did not show up at a hearing designed to consider them, and a state appellate court rejected his claims on the merits). Because all of the material facts were before the state appellate courts on direct review and the appellate process was not otherwise deficient, Petitioner had a full

9

and fair opportunity to litigate his first through fifth claims.

The Court is aware that Petitioner in his second claim alleges that the prosecutor withheld evidence of his felony complaint and felony warrant, which Petitioner claims prevented him from adequately challenging the legality of his arrest.  Petitioner's second claim is itself barred by the *Stone v. Powell* doctrine because it essentially involves a Fourth Amendment attack on the validity of Petitioner's search and arrest. *See O'Quinn v. Estelle,* 574 F. 2d 1208, 1209-10 (5th Cir. 1978) (petitioner's claim that prosecution failed to disclose exculpatory information, which involves due process guaranty of a fair trial, was part of petitioner's Fourth Amendment claim, since exculpatory information would eventually be used to attack the search warrant)*; see also Simpson v. Kreiger,* 565 F.2d 390, 392 (6th Cir. 1977) (refusal to disclose informant's identity did not deny petitioner a full and fair opportunity to litigate Fourth Amendment claims in state court).

Petitioner's delay in arraignment claim is also barred from review under the *Stone v. Powell* doctrine.  The Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to detention. *Gerstein v. Pugh*, 420 U.S. 103, 126 (1975). Because petitioner had a full and fair opportunity to litigate his claim of a lack of speedy arraignment in the state courts, this Court is precluded from granting habeas relief on this claim. *See Ahlswede v. Wolff*, 720 F. 2d 1108, 1110 (9th Cir. 1983); *Ben-Yisrayl v. Davis*, 245 F. Supp. 2d 960, 968 (N.D. Ind. 2002).  Petitioner is not entitled to habeas relief on his first through fifth claims.

**B.  Claim # 5.  The witness sequestration claim.**

10

Petitioner also argues as part of his fifth claim that the trial judge erred in failing to dismiss the charges on the ground that the police witnesses had violated a sequestration order at the preliminary examination.

A state trial court's failure to sequester witnesses does not violate the federal constitution and thus cannot form the basis of federal habeas relief. *Pillette v. Berghuis*, 630 F. Supp. 2d 791, 803-04 (E.D. Mich. 2009); *aff'd in part, rev'd in part on other grds,* 408 Fed. Appx. 873 (6th Cir. 2010); *cert. den*. 132 S. Ct. 125 (2011).  Petitioner is not entitled to relief on this claim.

### C.  Claims # 5 and # 10.  The independent testing claim.

Petitioner next contends that the  trial court abused its discretion when it initially granted his motion to allow independent testing of the narcotics, but then denied his motion for a 45 day adjournment to have the independent laboratory conduct the testing.

In criminal proceedings, a trial court's denial of a continuance rises to the level of a due process constitutional violation only when there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. *See Burton v. Renico,* 391 F. 3d 764, 772 (6th Cir. 2004).  In order to obtain habeas relief, a habeas petitioner must show that the denial of his request for a continuance resulted in actual prejudice to his defense. *Id.; See also Powell v. Collins,* 332 F. 3d 376, 396 (6th Cir. 2003).  Actual prejudice may be demonstrated by showing that additional time would have made relevant witnesses available or otherwise benefitted the defense. *Powell,* 332 F. 3d at 396.

Petitioner has failed to show that the trial judge's refusal to adjourn the trial for the

11

purpose of obtaining independent testing of the narcotics prejudiced him.  As the Michigan Court of Appeals noted in rejecting his claim, Petitioner merely pointed to a discrepancy between the Detroit Police report and the Michigan State Police report concerning the weight of the heroin tested.  Because Petitioner was charged with, and convicted of, possession with intent to deliver less than 50 grams of heroin, the discrepancies in the weight of the heroin contained in the reports would not have affected his conviction, because both reports established that the heroin weighed less than 50 grams.  Moreover, a jury could infer from the packaging of the heroin that Petitioner intended to deliver it. *White,* Slip. Op. at * 5, 9.  Petitioner has offered this Court no evidence to suggest that any of the substances that were seized from him were not cocaine, heroin, or marijuana, nor does he challenge the weight of the cocaine seized in this case, thus, the Michigan Court of Appeals reasonably concluded that there would have been no advantage in obtaining an independent test for the narcotics.  Petitioner is not entitled to habeas relief on this claim.

### D.  Claim # 6.  The ineffective assistance of counsel claims.

Petitioner next contends that he was denied the effective assistance of counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide

12

range of reasonable professional assistance. *Id*. In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more

13

latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 131 S. Ct. at 785. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner first claims that defense counsel should have located the owners of the car that he was driving at the time of the traffic stop in order to confirm his testimony that the vehicle was not his.

Petitioner failed to attach any affidavits from these witnesses to his state court appellate brief, nor has he provided this Court with any affidavits from these witnesses concerning their proposed testimony and willingness to testify on Petitioner's behalf. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Petitioner has offered, neither to the Michigan courts nor to this Court, any evidence beyond his own assertions as to whether the witnesses would have been able to testify and what the content of these witnesses' testimony would have been. In the absence of such proof, Petitioner is unable to establish that he was prejudiced by counsel's failure to call these witnesses to testify at trial, so as to support the second prong of an ineffective

14

assistance of counsel claim. *See Clark v. Waller,* 490 F. 3d 551, 557 (6th Cir. 2007).

Petitioner next contends that defense counsel should have requested a directed verdict on the ground that there was insufficient evidence to convict him of the charges.

As discussed when addressing Petitioner's sufficiency of evidence claim, *infra,* there was sufficient evidence to convict Petitioner of the charges.  Defense counsel's failure to move for a directed verdict based on the insufficiency of evidence was not ineffective assistance of counsel, because there was sufficient evidence to support P{etitioner's convictions. *See Maupin v. Smith*, 785 F. 2d 135, 140 (6th Cir. 1986).

Petitioner finally argues that defense counsel was ineffective for failing to have the narcotics independently tested.  As previously discussed, any discrepancies between the actual weight of the heroin and that stated in the police reports could not have affected the verdict in this case.  Petitioner has offered no additional evidence, beyond his own speculations, to establish that the police tests of the narcotics was somehow deficient. Petitioner's speculative assertions that the police tests of the narcotics was somehow deficient is insufficient to establish that counsel was ineffective for failing to obtain independent testing of the narcotics. *See U.S. v. Valencia,* 188 Fed. Appx. 395, 400 (6th Cir. 2006).  Thus, counsel was not ineffective in failing to obtain independent testing of the narcotics.  Petitioner is not entitled to habeas relief on his sixth claim.

### E.  Claim # 7.  The sufficiency of evidence claim.

Petitioner next contends that there was insufficient evidence to show that he possessed the narcotics.

The Michigan Court of Appeals rejected Petitioner's claim:

> Here, the record shows that defendant was the driver and sole occupant of the car at issue. As Richardson approached the car, he saw defendant throw a black plastic bag on the floorboards. After he reached the car, Richardson saw a clear plastic bag that appeared to contain cocaine hanging out of the black bag. Richardson then retrieved the bag and concluded that, based on his experience as a narcotics officer, it contained bulk cocaine. As the search continued, Rodriguez observed that the window switch panel on the driver's side door was visibly loose. He then opened the panel and located cocaine, heroin, and marijuana. Rodriguez testified that the narcotics were packaged in a manner consistent with the sale of drugs, not personal use. On the basis of this testimony, a rational trier of fact could conclude that defendant possessed the cocaine, heroin, and marijuana. Accordingly, there was sufficient evidence to support defendant's convictions.

*White,* Slip. Op. at * 8.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original). Circumstantial

16

evidence alone is sufficient to support a conviction, and it is not necessary for the evidence at trial to exclude every reasonable hypothesis except that of guilt. *Johnson v. Coyle,* 200 F. 3d 987, 992 (6th Cir. 2000)(internal quotations omitted).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* In fact, the *Jackson* standard "is so demanding that '[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle.'" *Davis v. Lafler*, 658 F. 3d 525, 534 (6th Cir. 2011)(quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)(internal quotation marks omitted)). Therefore, for a federal habeas court reviewing the sufficiency of evidence for a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the

17

probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir.2003).

In order to convict a defendant under Michigan law of possession of a controlled substance, a prosecutor must prove that he or she exercised control or had the right to exercise control over the controlled substance. *See McFarland v. Yukins,* 356 F. 3d 688, 708 (6th Cir. 2004)(citing *People v. Konrad,* 449 Mich. 263; 536 N.W.2d 517 (1995))(additional citations omitted). Under Michigan law, a defendant need not have actual physical possession of a controlled substance in order to be guilty of possessing it. *People v. Wolfe,* 440 Mich. 508, 519-20; 441 N.W. 2d 1201 (1992). Possession of a controlled substance may be actual or constructive. *Id.* "Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Id.* at 521. Constructive possession of a controlled substance can be proven by circumstantial evidence. *See People v. McGhee,* 268 Mich. App. 600, 623; 709 N.W.2d 595 (2005).

In the present case, there was sufficient evidence for a rational trier of fact to conclude that the prosecutor had proven beyond a reasonable doubt that Petitioner possessed the narcotics that were recovered from the car that he had been driving.

First, Petitioner was the sole occupant of the motor vehicle where these narcotics were found. The fact that Petitioner was the operator and sole occupant of the vehicle where the narcotics was seized is evidence that he knowingly possessed these drugs. *See U.S. v.*

18

*Gonzalez,* 512 F. 3d 285, 294 (6ᵗʰ Cir. 2008). Moreover, a significant amount of cocaine, over 250 grams total, was seized from the car in which Petitioner was the sole occupant. A rational trier of fact could reasonably conclude that Petitioner constructively possessed this cocaine, as well as the marijuana and heroin, because one would not expect another person "to have left [petitioner] alone with such a large and valuable quantity of drugs." *U.S. v. Shull*, 349 Fed. Appx. 18, 22 (6ᵗʰ Cir. 2009). Most importantly, as the police approached the vehicle, Officer Richardson observed Petitioner discard the black plastic bag from where some of the cocaine was later recovered. This evidence further establishes that Petitioner knowingly possessed the cocaine. *See U.S. v. McGee,* 529 F. 3d 691, 696 (6ᵗʰ Cir. 2008). Lastly, the police recovered some nine hundred dollars from Petitioner. (Tr. 8/26/10, p. 8). Petitioner's possession of such a large amount of money in close proximity to narcotics would be further evidence that would establish that he constructively possessed the cocaine, heroin, and marijuana. *See U.S. v. Garcia,* 866 F. 2d 147, 152 (6ᵗʰ Cir. 1989).

In light of the foregoing, the Michigan Court of Appeals' decision that there was sufficient evidence to maintain a conviction against Petitioner for possession with intent to deliver cocaine, heroin, and marijuana was objectively reasonable, thus defeating Petitioner's claim for habeas relief. *See e.g. Towns v. Jackson,* 287 F. Supp. 2d 749, 758 (E.D. Mich. 2003).

To the extent that Petitioner challenges the credibility of the prosecution witnesses, he would not be entitled to relief. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin*

*v. Mitchell,* 280 F. 3d 594, 618 (6ᵗʰ Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6ᵗʰ Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

Finally, to the extent that Petitioner claims that the verdict in this case was inconsistent, because he was acquitted of the reckless driving charge, he would not be entitled to relief. Inconsistency in a verdict is an insufficient reason for setting a verdict aside. *Harris v. Rivera,* 454 U.S. 339, 345 (1981). The possibility that an inconsistent verdict may favor a criminal defendant as well as a prosecutor "militates against review of such convictions at the defendant's behest." *United States v. Powell,* 469 U.S. 57, 65 (1984). The fact that an inconsistent verdict might be the result of lenity on the part of the factfinder, coupled with the fact that the prosecutor is unable to obtain appellate review of a conviction, "suggests that inconsistent verdicts should not be reviewable." *Id.* Petitioner is not entitled to relief on his seventh claim.

### F. Claim # 8. The Double Jeopardy claim.

Petitioner next contends that his conviction on the drug charges, after he had been acquitted of the reckless driving charge that served as the basis for the police stop, violated the Double Jeopardy Clause.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This constitutional provision protects individuals not only from successive trials, but also

20

prohibits multiple punishments for the same offense. *Hampton v. Hobbs*, 106 F. 3d 1281, 1288 (6th Cir. 1997). However, "a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." *Albernaz v. United States*, 450 U.S. 333, 344, n. 3 (1981). *See also United States v. Kuhn*, 165 F. Supp. 2d 639, 642 (E.D.Mich. 2001).

In addition, "[W]hile the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution." *Ohio v. Johnson,* 467, 500 (1984); *see also Ball v. United States*, 470 U.S. 856, 860, n. 8 (1985)("'there can be no impropriety ... for a prosecutor to file an information containing counts charging violations of' several different provisions of the federal bank robbery statute where there is evidence to support the charges, even though the defendant could not in the end stand convicted of both offenses")(quoting *United States v. Gaddis*, 424 U.S. 544, 550 (1976))). If a jury convicts a defendant of no more than one of the multiplicitous counts charged in an indictment (or information), there is no violation of a defendant's right to be free from double jeopardy, for he or she will suffer no more than one punishment. *See United States v. Josephberg*, 459 F. 3d 350, 355 (2nd Cir. 2006).

In the present case, Petitioner was not convicted of the reckless driving charge, therefore his convictions for possession with intent to deliver cocaine, heroin, and marijuana did not violate the Double Jeopardy Clause. *See Charlton v. Bell,* No. 2008 WL 2622946, * 6 (E.D. Mich. July 3, 2008). Petitioner is not entitled to habeas relief on his eighth claim.

21

### G. Claim # 9.  The prosecutorial misconduct claim.

Petitioner finally claims that the prosecutor committed misconduct by presenting tainted evidence at trial, by "parading" the narcotics evidence in front of the jury, and by intentionally opening the narcotics packages in close proximity to the jury, which allowed the jurors to smell the narcotics.

The Michigan Court of Appeals rejected Petitioner's claim:

> Defendant alleges that the narcotics evidence offered by the prosecution was tainted evidence but offers nothing in support of his allegations, and specifically, fails to indicate how the evidence was tainted.  Additionally, there is nothing in the record to suggest that the prosecution "paraded" the narcotics packages in front of the jury or that the prosecution opened the evidence packages that contained the narcotics near the jury.  Defense counsel did not object to the alleged activity or state on the record that the activity occurred.  Because there is no evidence to support defendant's allegation that the prosecution offered tainted evidence at trial or engaged in any of the activities described by defendant, we conclude that there was no prosecutorial misconduct.

*White,* Slip. Op. at * 8.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)).  A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the

circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45.  In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012)(quoting *Harrington*, 131 S. Ct., at 786–87).

Petitioner offered no evidence to the Michigan Court of Appeals or to this Court in support of his prosecutorial misconduct claims.  Conclusory allegations of prosecutorial misconduct fail to state a claim upon which habeas relief can be granted. *See Johnson v. Renico*, 314 F. Supp. 2d 700, 710 (E.D. Mich. 2004).  Because Petitioner's prosecutorial misconduct claims are conclusory or unsupported, he is not entitled to habeas relief on his final claim.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to Petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must

23

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

## V.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be denied leave to appeal *in forma pauperis*.


Dated: March 28, 2014                    S/ Sean F. Cox
                                         Sean F. Cox
                                         U. S. District Court Judge


I hereby certify that on March 28, 2014, the foregoing document was served upon counsel of record by electronic means and upon Valiant White by First Class Mail at the

address below:

Valiant White
225440
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

Dated:  March 28, 2014                    S/ J. McCoy
                                          Case Manager